1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN C. NEUHAUSER,

                  Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Case No. 3:14-cv-05421-BHS-KLS

REPORT AND RECOMMENDATION

Noted for April 17, 2015

Plaintiff has brought this matter for judicial review of defendant's denial of his

application for disability insurance benefits. This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the

parties' briefs and the remaining record, the undersigned submits the following Report and

Recommendation for the Court's review, recommending that for the reasons set forth below,

defendant's decision to deny benefits be reversed and this matter be remanded for further

administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On July 30, 2012, plaintiff filed an application for disability insurance benefits alleging

disability as of January 15, 2009. See Dkt. 7, Administrative Record ("AR") 27. That application

was denied upon initial administrative review on October 24, 2012, and on reconsideration on

REPORT AND RECOMMENDATION - 1

December 12, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on June 12, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a lay witness. *See* AR 57-81.

In a decision dated July 3, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 27-52. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 14, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. On May 21, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on August 21, 2014. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because: (1) the ALJ erred in failing to properly consider all of the evidence in the record concerning plaintiff's social functional limitations; (2) the ALJ's decision is not supported by substantial evidence in light of additional evidence submitted to the Appeals Council; and (3) a disability rating decision from the Veterans Administration ("VA") also submitted to the Appeals Council warrants additional consideration. For the reasons set forth below, the undersigned recommends defendant's decision to deny benefits be reversed and this matter be remand for further consideration of the VA's rating decision.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

REPORT AND RECOMMENDATION - 2

785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

Defendant employs a five-step "sequential evaluation process" to determine whether a

---

[1] As the Ninth Circuit has further explained:

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled

at any particular step thereof, the disability determination is made at that step, and the sequential

evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of

medical factors alone at step three of that process," the ALJ must identify the claimant's

"functional limitations and restrictions" and assess his or her "remaining capacities for work-

related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's

residual functional capacity ("RFC") assessment is used at step four of the sequential disability

evaluation process to determine whether he or she can do his or her past relevant work, and at

step five to determine whether he or she can do other work. *See id.*

> The ALJ in this case found plaintiff had the mental residual functional capacity to:

> **. . . understand, remember, and carry out simple instructions. He can make simple work-related decisions, can tolerate changes in a routine work setting, and can respond appropriately to supervision and co-workers. He can tolerate superficial and incidental contact with the general public.**

AR 34-35 (emphasis in original). If a claimant cannot perform his or her past relevant work, at

step five of the disability evaluation process the ALJ must show there are a significant number of

jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094,

1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the

testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines

(the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at

1100-1101. Here at step five, the ALJ found plaintiff to be capable of performing other jobs

existing in significant numbers in the national economy pursuant to the Grids, and therefore not

disabled. *See* AR 50-52.

REPORT AND RECOMMENDATION - 4

As indicated above, after the ALJ issued his decision in this case a VA disability rating decision dated January 14, 2014, was submitted to the Appeals Council. *See* Dkt. 10-1. That decision states plaintiff's posttraumatic stress disorder, "which is currently 50 percent disabling, is increased to 70 percent effective January 30, 2013." *Id.* at p. 1. It further states the "evaluation of 70 percent" was assigned for:

> . . . occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships. . . .

*Id.* at p. 4. The rating decision also found plaintiff to be entitled to individual unemployability, because he "is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" effective February 7, 2013. *Id.* at pp. 1 and 3. In addition, the rating decision noted that at plaintiff's "most recent VA exam it was found that the symptoms of [his] posttraumatic stress disorder affected [his] ability to work and interact socially with others to such a degree that the medical examiner found that it was more likely than not that [his] current level of symptoms of posttraumatic stress disorder had a significant impact on [his] ability to find or maintain gainful employment." *Id.* The rating decision concluded that "[s]ince there is a likelihood of improvement, the assigned evaluation is not considered permanent." *Id.* at 4.

The Appeals Council will review a case if "[t]he action, findings or conclusions of the administrative law judge are not supported by substantial evidence." 20 C.F.R. § 404.970(a)(3). "If new and material evidence is submitted, the Appeals Council shall consider the additional

REPORT AND RECOMMENDATION - 5

evidence only where it relates to the period on or before the date of the administrative law judge

hearing decision." 20 C.F.R. § 404.970(b); *see also* 20 C.F.R. § 404.976(b)(1). Accordingly, if

"evidence which does not relate to the period on or before the date of the administrative law

judge decision" is submitted, the Appeals Council will return that evidence to the claimant "with

an explanation as to why" it was not accepted. 20 C.F.R. § 404.976(b)(1).

In regard to the VA's rating decision, the Appeals Council found as follows:

> We also looked at the Rating Decision dated January 14, 2014. The
> Administrative Law Judge decided your case through July 3, 2013. This new
> information is about a later time. Therefore, it does not affect the decision
> about whether you were disabled beginning on or before July 3, 2013.

AR 1. As pointed out by plaintiff and noted above, however, the VA's rating decision expressly

states that the increase in the disability evaluation is effective January 30, 2013, and that the

grant of individual unemployability is effective February 7, 2013, several months prior to the

date of the ALJ's decision in this case. The Appeals Council thus erred in finding as it did with

respect to the rating decision.

Defendant argues the rating decision is not material to whether plaintiff was disabled on

or before July 3, 2013, the date of the ALJ's decision, because the rating decision is dated more

than seven months later. But as defendant herself acknowledges, the *effective* dates of the rating

decision are within the relevant time period. Defendant further argues that even so, the effective

dates are still five years after plaintiff's alleged onset date of disability. But as plaintiff again

points out, while the rating decision thus may not establish disability prior to its effective dates,

"it certainly is material to the issue of disability prior to and at the time of the ALJ's decision in

July 2013." Dkt. 15, p. 12.

REPORT AND RECOMMENDATION - 6

1      Defendant argues as well that the rating decision is immaterial, because it fails to specify

2 individual functional limitations or the maximum remaining ability to perform sustained work

3 activities as required by Social Security Administration rules and regulations, and because the

4 determination by another government agency that a claimant is not disabled is not binding on the

5 Commissioner. Once more as pointed out by plaintiff, though, while this last statement is clearly

6 true (*see* 20 C.F.R. § 404.1504), an ALJ must consider a VA disability determination in reaching

7 his or her decision (*See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)).  Further,

8 the ALJ "must ordinarily give great weight" to that determination. *Id.* at 1076. This is because of

9

10 "the marked similarity" between the two federal disability programs.[2] *Id.*

11      "Because the VA and SSA criteria for determining disability are not identical," however,

12 less weight may be given to a VA disability rating decision, but only if "persuasive, specific,

13 valid reasons for doing so that are supported by the record" are provided. *Id.* (citing *Chambliss v.*

14 *Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)). Erroneously finding that a rating decision applies

15 to a later period as the Appeals Council did here, obviously does not amount to a valid reason for

16

17 not accepting that decision. Lastly, it should be noted that although defendant may be technically

18 correct that the rating decision did not specify the exact functional limitations plaintiff has or his

19 maximum remaining ability to perform sustain work activities as set forth in the Social Security

20

---

21 [2] As the Ninth Circuit explained:

22      Both programs serve the same governmental purpose--providing benefits to those unable to
         work because of a serious disability. Both programs evaluate a claimant's ability to perform

23      full-time work in the national economy on a sustained and continuing basis; both focus on
         analyzing a claimant's functional limitations; and both require claimants to present extensive

24      medical documentation in support of their claims. . . . Both programs have a detailed
         regulatory scheme that promotes consistency in adjudication of claims. Both are administered

25      by the federal government, and they share a common incentive to weed out meritless claims.
         The VA criteria for evaluating disability are very specific and translate easily into SSA's
         disability framework.

26 *Id.*

REPORT AND RECOMMENDATION - 7

rules and regulations, as just discussed the Commissioner still must give it great weight unless properly rejected, and as noted above the rating decision in this case indicates the presence of vocationally significant symptoms and limitations that certainly could impact the ALJ's ultimate disability determination. Given the Appeals Council's error here and the clear materiality of the VA's rating decision, remand for further consideration of that decision is  warranted. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court reverse defendant's decision to deny benefits and that it remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 17, 2015**, as noted in the caption.

DATED this 1st day of April, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8