1

2

3

4

5

6          UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
7                   AT TACOMA

8

9   SEAN C. NEUHAUSER,

10                      Plaintiff,            CASE NO. C14-5421 BHS

11           v.                              ORDER GRANTING
                                             DEFENDANT'S MOTION FOR
12   CAROLYN W. COLVIN, Acting               RELIEF FROM JUDGMENT,
     Commissioner of Social Security,        VACATING JUDGMENT,
                                             REMANDING MATTER UNDER
13                      Defendant.           SENTENCE SIX OF 42 U.S.C.
                                             § 405(G), AND DENYING
14                                           PLAINTIFF'S MOTION FOR
                                             ATTORNEY FEES WITHOUT
15                                           PREJUDICE

16

17       This matter comes before the Court on the Commissioner of Social Security's

18   ("Commissioner") motion for relief from judgment (Dkt. 21) and Plaintiff Sean

19   Neuhauser's ("Neuhauser") motion for attorney fees (Dkt. 19).  The Court has considered

20   the pleadings filed in support of and in opposition to the motions and the remainder of the

21   file and hereby rules as follows:

22

# I. PROCEDURAL HISTORY

On July 3, 2013, an Administrative Law Judge ("ALJ") denied Neuhauser's claim for disability benefits under the Social Security Act.  AR 27.  On November 14, 2013, Neuhauser requested review of the ALJ's decision with the Appeals Council.  AR 9–14. Neuhauser submitted a Veterans Administration ("VA") Rating Decision to the Appeals Council.  AR 2.  The Appeals Council denied Neuhauser's request for review.  *Id.*  In doing so, the Appeals Council noted that it "looked at the [VA] Rating Decision," but determined that the evidence was about a later time and therefore did not affect the ALJ's decision.  *Id.*  The Appeals Council returned the VA Rating Decision to Neuhauser and did not incorporate it into the administrative record.  *Id.* at 2, 5.

On May 21, 2014, Neuhauser filed a complaint in this Court seeking review of the ALJ's decision.  Dkt. 1.  In his opening brief, Neuhauser argued that this matter should be remanded for additional consideration of the VA Rating Decision because this new evidence was material and Neuhauser had good cause for not submitting it earlier.  Dkt. 10 at 16–17.  Because the VA Rating Decision was not incorporated into the administrative record, Neuhauser attached a copy of the decision to his opening brief. Dkt. 10, Ex. A.  In response, the Commissioner argued that the VA Rating Decision was not material, but did not contest good cause.  *See* Dkt. 14.

On April 1, 2015, the Honorable Karen L. Strombom, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Court reverse the ALJ's decision and remand the matter "for further consideration of the VA's rating decision."  Dkt. 16 at 2, 8.  Neither party filed objections to the R&R.

1    On April 22, 2015, the Court adopted the R&R.  Dkt. 17.  The Court reversed and

2  remanded the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g).  *Id.*  On

3  April 23, 2015, the Court entered judgment.  Dkt. 18.

4    On July 8, 2015, Neuhauser moved for attorney fees pursuant to the Equal Access

5  to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Dkt. 19.  On July 20, 2015, the

6  Commissioner responded.  Dkt. 22.  On July 24, 2015, Neuhauser replied.  Dkt. 23.  On

7  July 20, 2015, the Commissioner moved for relief from the judgment under Federal Rule

8  of Civil Procedure 60(b)(1).  Dkt. 21.  On August 14, 2015, Neuhauser responded.  Dkt.

9  25.  The Commissioner did not file a reply.

10                            **II. DISCUSSION**

11    Both the Commissioner's motion for relief from judgment and Neuhauser's

12  motion for attorney fees hinge on whether this matter should be remanded under sentence

13  four or sentence six of 42 U.S.C. § 405(g).  *See* Dkts. 19, 21.  The Court will address the

14  Commissioner's motion first and then turn to Neuhauser's motion.

15  **A.    Relief from Judgment**

16    The Commissioner seeks relief from the Court's April 23, 2015 judgment under

17  Rule 60(b)(1).  Dkt. 21.  Rule 60(b)(1) provides that a district court may relieve a party

18  from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect."

19  Fed. R. Civ. P. 60(b)(1).  In order to obtain relief under Rule 60(b)(1), the movant "must

20  show that the district court committed a specific error."  *Straw v. Bowen*, 866 F.2d 1167,

21  1172 (9th Cir. 1989).  A motion under Rule 60(b)(1) must be brought within a reasonable

22  time, and no more than one year after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).

1    The Commissioner contends that the Court erroneously remanded this matter

2  under sentence four of 42 U.S.C. § 405(g) instead of sentence six.  Dkt. 21.  The

3  Commissioner requests the Court to vacate the judgment and enter a corrected order

4  remanding this case for further proceedings pursuant to sentence six.  *Id.*

5    Section 405(g) "authorizes district courts to review administrative decisions in

6  Social Security benefit cases."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

7  Sentence four and sentence six of § 405(g) set forth the exclusive methods by which the

8  Court may remand a case to the Commissioner.  *Shalala v. Schaefer*, 509 U.S. 292, 296

9  (1993).  Sentence four authorizes the Court "to enter, upon the pleadings and transcript of

10  the record, a judgment affirming, modifying, or reversing the decision of the

11  Commissioner of Social Security, with or without remanding the cause for a rehearing."

12  42 U.S.C. § 405(g).  A sentence four remand is "essentially a determination that the

13  agency erred in some respect in reaching a decision to deny benefits."  *Akopyan*, 296 F.3d

14  at 854.  Meanwhile, sentence six "describes an entirely different kind of remand."

15  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting *Sullivan v. Finkelstein*, 496 U.S.

16  617, 626 (1990)).  Under sentence six, the district court does not affirm, modify, or

17  reverse the Commissioner's decision.  *Id.*  Rather, the Court remands because "there is

18  new evidence which is material" and "there is good cause for the failure to incorporate

19  such evidence into the record."[1]  42 U.S.C. § 405(g).

20

21    [1] The Court may also remand under sentence six where the Commissioner requests a
remand before answering the complaint.  *Schaefer*, 509 U.S. at 297 n.2. This second category of

22  sentence six remands does not apply in this case.

1       The issue in this case is whether sentence four or sentence six applies where

2  additional evidence was submitted to, but not considered by, the Appeals Council.  The

3  Ninth Circuit has determined that sentence four applies to additional evidence that was

4  "submitted to *and* considered by the Appeals Council."  *Brewes v. Comm'r of Soc. Sec.*

5  *Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (emphasis added).  In *Brewes*, "the Appeals

6  Council accepted [the claimant's] proffered new evidence and made it part of the record."

7  *Id.* at 1164.  Because the additional evidence was part of the administrative record, the

8  Ninth Circuit reviewed the evidence pursuant to sentence four.  *Id.*; *see also* 42 U.S.C.

9  § 405(g) (providing that the Court may affirm, reverse, or modify the ALJ's decision

10  under sentence four based on "the pleadings and *transcript of record*" (emphasis added)).

11       In contrast to *Brewes*, the Appeals Council in this case did not accept Neuhauser's

12  proffered new evidence and make it part of the administrative record.  Although the

13  Appeals Council looked at the VA Rating Decision, the Appeals Council did not consider

14  the evidence when it denied Neuhauser's request for review.  AR 2.  Instead, the Appeals

15  Council determined that the VA Rating Decision was about a later time and thus did not

16  affect the ALJ's decision.  *Id.*  For this reason, the Appeals Council did not incorporate

17  the VA Rating Decision into the administrative record.  *See id.* at 2, 5.

18       Under these circumstances, the Court finds that the additional evidence should be

19  evaluated under sentence six standards.  *See Mayes v. Massanari*, 276 F.3d 453, 458, 461

20  (9th Cir. 2001); *Armani v. Colvin*, No. C14-1175, 2015 WL 3561670, at *2 n.2 (W.D.

21  Wash. May 19, 2015); *Bustamante v. Colvin*, No. CV-13-02080, 2015 WL 136016, at

22  *11 (D. Ariz. Jan. 9, 2015); *Winland v. Colvin*, No. 13-cv-5778, 2014 WL 4187212, at

1   \*2–4 (W.D. Wash. July 25, 2014); *Snell v. Colvin*, No. C13-5565, 2014 WL 2197932, at

2   \*2–3 (W.D. Wash. May 27, 2014).  *But see Congreve v. Colvin*, No. 13-cv-0031, 2014

3   WL 11555560, at \*3 n.2 (E.D. Wash. Mar. 21, 2014).  Indeed, Neuhauser relied on

4   sentence six standards in his opening brief when he argued that this matter should be

5   remanded for consideration of the VA Rating Decision.[2]  Dkt. 10 at 16–17.  The Court

6   remanded for further consideration of the VA Rating decision, but stated that remand was

7   pursuant to sentence four.  *See* Dkt. 17.  In light of this error, the Court grants the

8   Commissioner's motion and vacates the judgment.  The Court proceeds to address

9   whether this matter should be remanded under sentence six instead.

10          Under sentence six, the Court considers whether the new evidence is material to

11   determining disability and whether the claimant has shown good cause for not submitting

12   the evidence earlier.  *See* 42 U.S.C. § 405(g); *Mayes*, 276 F.3d at 462.  In the R&R, Judge

13   Strombom determined that the VA Rating Decision pertained to the relevant time period

14   and was therefore material to the disability decision.  Dkt. 16 at 6.  The Court adopts

15   Judge Strombom's materiality determination.  Judge Strombom, however, did not

16   determine whether Neuhauser had good cause for not submitting the VA Rating Decision

17   _____

18          [2] In his response to the Commissioner's motion for relief from judgment, Neuhauser
     relies on a case from this district for the proposition that the Court may remand under sentence
19   four.  Dkt. 25 at 2 (citing *Richards v. Astrue*, No. 11-cv-6011, 2012 WL 3279523, at \*7 (W.D.
     Wash. Aug. 10, 2012)).  *Richards*, however, is distinguishable from this case.  In *Richards*, the
20   claimant submitted new evidence to the Appeals Council, which the Appeals Council considered
     and incorporated into the administrative record.  *See* 2012 WL 3279523, at \*2, \*5.  After noting
21   that the case was similar to *Brewes*, the district court reviewed the evidence under sentence four.
     *Id.* at \*5, \*7.  As discussed above, the Appeals Council in this case did not consider and
22   incorporate the VA Rating Decision into the record.  Accordingly, the evidence should be
     evaluated under sentence six.

1  earlier.  *See id.*  In his opening brief, Neuhauser argued that good cause existed.  Dkt. 10

2  at 17.  The Commissioner does not contest good cause.  *See* Dkts. 14, 21.  Upon review

3  of the record, the Court finds that good cause exists in this case.  The Court remands this

4  matter for consideration of the VA Rating Decision under sentence six of § 405(g).

5  **B.   Attorney Fees**

6        Neuhauser seeks attorney fees and expenses under EAJA.  Dkt. 19.  In any civil

7  action brought by or against the United States, EAJA directs the Court to award attorney

8  fees to the prevailing party unless the Court finds the government's position was

9  "substantially justified" or "special circumstances make an award unjust."  28 U.S.C.

10  § 2412(d)(1)(A).  In Social Security disability cases, a claimant who obtains a sentence

11  four remand is considered a prevailing party at the time of remand.  *Akopyan*, 296 F.3d at

12  854; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).  Meanwhile, a claimant who

13  obtains a sentence six remand does not become a prevailing party until the claimant is

14  awarded benefits on remand.  *Akopyan*, 296 F.3d at 855; *Flores*, 49 F.3d at 568.

15        For the reasons discussed above, the Court remands this matter under sentence six

16  instead of sentence four.  Because Neuhauser is not yet a prevailing party for the

17  purposes of EAJA, the Court denies Neuhauser's motion for attorney fees without

18  prejudice.

19                        **III. ORDER**

20        Therefore, it is hereby **ORDERED** that the Commissioner's motion for relief from

21  judgment (Dkt. 21) is **GRANTED**.  The Court **VACATES** the judgment (Dkt. 18).  The

22  Court **REMANDS** this matter pursuant to sentence six of 42 U.S.C. § 405(g) to the

1   Commissioner for consideration of the VA Rating Decision.  Although the Court retains

2   jurisdiction over this matter, the Court directs the Clerk to administratively close this case

3   pending further development of the record.  If Neuhauser seeks review of any subsequent

4   decision, he shall file a motion to reopen this case.  Neuhauser's motion for attorney fees

5   (Dkt. 19) is **DENIED without prejudice**.

6          Dated this 27th day of August, 2015.

7

8   _____

9   BENJAMIN H. SETTLE
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 8