UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN C. NEUHAUSER,

          Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

CASE NO. C14-05421 BHS

ORDER AFFIRMING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (  ) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 37

Principal Disabilities Alleged by Plaintiff: Sleep apnea, posttraumatic stress disorder ("PTSD"), degenerative disc disease, fibromyalgia, insomnia, hyperlipidemia, adjustment disorder, arthropathy, lumbar spondylosis, and back pain

Principal Previous Work Experience: U.S. Army staff sergeant

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Irene Sloan:

Date of Hearing: May 11, 2016; hearing transcript AR 1540-1601

Date of Decision: July 7, 2016

Appears in Record at: AR 1507-32

Summary of Decision:

> The claimant has not engaged in substantial gainful activity since July 1, 2012, the amended alleged onset date. The claimant has the following severe impairments: PTSD, L5-S1 disc herniation, fibromyalgia, depressive disorder, cannabis abuse, inflammatory arthropathy, and lupus. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except: he can occasionally use ramps and stairs; can never climb ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme cold, vibration, fumes, odors, dusts, gases and poor ventilation, and hazards; is able to understand, remember, and carry out simple, routine tasks; and is able to have occasional brief and superficial contact with the general public, coworkers, and supervisors.
>
> The claimant is unable to perform any past relevant work. However, considering the claimant's age, education, work experience, and RFC, the claimant can perform jobs that exist in significant numbers in the national economy. Therefore, the claimant has not been disabled from July 1, 2012, through the date of the decision.

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither weigh the evidence nor substitute its judgment on factual determinations for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. EVALUATING DISABILITY

The claimant, Sean C. Neuhauser ("Neuhauser"), bears the burden of proving that he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his

impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id*.

## VI. ISSUES ON APPEAL

1. Did the ALJ properly assess Neuhauser's RFC in light of the law of the case doctrine?

2. Did the ALJ properly evaluate the medical evidence?

## VII. DISCUSSION

Neuhauser appeals the Commissioner's decision denying him disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 34. The Court addresses the alleged errors in turn.

**A.     Law of the Case Doctrine**

Neuhauser argues that the ALJ erred in assessing Neuhauser's RFC in light of the law of the case doctrine. *See* Dkt. 34 at 3-11. The Court disagrees.

When a federal court remands a case to the Commissioner for further consideration, the Appeals Council may remand the case to an ALJ with instructions to

take action and issue a decision. *See* 20 C.F.R. § 404.983. Upon remand, the ALJ shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order. *See id.*; 20 C.F.R. § 404.977. The ALJ may consider any issues relating to the claim, whether or not they were raised in earlier administrative proceedings. *See* 20 C.F.R. § 404.983.

Still, the Ninth Circuit has held that the law of the case doctrine applies in social security appeals. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id*. The law of the case doctrine is "concerned primarily with efficiency and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id*.

Here, upon the April 2015 report and recommendation ("R&R") of Magistrate Judge Karen L. Strombom, this Court reversed and remanded this case to the Commissioner for further consideration after a prior decision found Neuhauser not to be disabled. *See* AR 1649-57. The R&R found that the Commissioner erred by failing to address a rating decision issued by the Department of Veterans Affairs and submitted to the Appeals Council. *See id*. The Appeals Council vacated the prior decision and remanded the case to an ALJ, instructing the ALJ to offer Neuhauser the opportunity for a new hearing, address additional evidence submitted to the Appeals Council and with the subsequent claim, and take any further action needed to complete the administrative record before issuing a new decision. *See* AR 1680.

Neuhauser argues that the ALJ erred by finding in the new decision that Neuhauser was less physically limited than the ALJ found in the prior decision, because the Court "implicitly affirmed" the prior physical RFC assessment. *See* Dkt. 34 at 10-11. Neuhauser argues that the Court did not remand the case for reconsideration of the physical RFC assessment, so the ALJ violated the law of the case doctrine by considering the issue. *See id*. However, the R&R contained no findings regarding Neuhauser's physical RFC. *See* AR 1649-56. In remanding the case for evaluation of newly-presented evidence, the Court was in no way making a finding that the prior decision was otherwise free of legal error or supported by substantial evidence.[1] Therefore, the ALJ did not err by reassessing Neuhauser's RFC in light of the full record available at the time of the new hearing.

**B.  Medical Evidence**

Neuhauser argues that the ALJ erred by failing to give specific and legitimate reasons supported by substantial evidence for discounting the opinions of state agency medical consultants Norman Staley, M.D., Roberta Herman, M.D., and James Wright, M.D. *See* Dkt. 34 at 11-15. The Court disagrees.

A state agency medical consultant is a "highly qualified" physician with expertise in evaluating "medical issues in disability claims." *See* Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 at *2. An ALJ must explain the weight given to the opinions in

---

[1] Moreover, Neuhauser's submission of additional medical evidence regarding his physical capabilities after the case was remanded but before the new hearing undercuts his argument that the physical RFC assessment was implicitly affirmed and the ALJ was not permitted to consider the issue upon remand. *See, e.g.*, AR 2338-57.

her decision. *See id*. An ALJ must also evaluate the degree to which the providers of these opinions consider all of the pertinent evidence, including opinions of treating and other examining sources. *See* 20 C.F.R. § 404.1527(c)(3). However, more weight is generally given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Similarly, an examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id*. at 830-31.

Here, the ALJ gave little weight to the opinions of Dr. Staley, Dr. Herman, and Dr. Wright because, among other reasons, the opinions regarding the severity were inconsistent with objective medical findings in the record and Neuhauser's reported activities. *See* AR 1527. An ALJ need not accept a physician's opinion if that opinion is inadequately supported by clinical findings or "by the record as a whole." *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ noted that the clinical findings in the record included full joint range of motion with no synovitis, stable disc extrusion, full extremity strength, intact and symmetric deep tendon reflexes, and normal upper extremity sensation and motor strength with some limited range of motion of the cervical spine. *See* AR 1527 (citing AR 1982, 2022, 2132, 2339). Neuhauser also reported that he was a single parent to his two children, drove across the country to pick up his children, was "self-reliant in usual daily activities and fully able to manage the household," participated in hunting and range shooting, and went fishing and caught a 140-pound halibut. *See* AR 302, 313, 458, 551, 1453, 2052. Therefore, substantial evidence supports the ALJ's finding that the extremity of the consultants'

opinions limiting Neuhauser to sedentary work was inconsistent with the record.  The ALJ did not err by discounting the consultants' opinions in favor of the opinion of an examining physician.  *See* AR 1523.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Dated this 24th day of January, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge